Filed 10/10/25  P. v. Rivera CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336968 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. TA143098 |
| MIGUEL NICHOLAS RIVERA, | |
| Defendant and Appellant. | |

APPEAL from a judgement of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2019, a jury convicted Defendant-Appellant Miguel Rivera of two counts of first degree murder (Pen. Code, § 187, subd. (a); counts 1 & 2)[1] and two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1); counts 3 & 4). The jury also found that Rivera personally discharged a firearm causing great bodily injury and death in the commission of the murders (§ 12022.53, subd. (d)), that the murders were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a multiple-murders special circumstance allegation was true. (§ 190.2, subd. (a)(3)).[2]

In August 2019, the trial court sentenced Rivera to two consecutive LWOP terms on the murders, with consecutive firearm enhancements of 25 years to life on each count, and consecutive 10-year gang enhancements on each count. On counts 3 and 4, the trial court sentenced Rivera to a determinate term of three years and eight months (consisting of an upper term of three years on count 3 and one-third of the two-year midterm on count 4) to run concurrent with the sentences on counts 1 and 2.

On appeal, a different panel of this court concluded that Rivera was entitled to the retroactive benefit of newly-enacted

---

[1]   All undesignated statutory references are to the Penal Code.

[2]   Section 190.2, subdivision (a)(3) provides that "[t]he penalty for a defendant who is found guilty of murder in the first degree is death or imprisonment in the state prison for life without the possibility of parole [LWOP]" if "[t]he defendant, in this proceeding, has been convicted of more than one offense of murder in the first or second degree."

amendments to section 186.22.[3]  (*People v. Rivera* (Aug. 19, 2022, B300948) [nonpub. opn.].)  We therefore reversed the gang enhancements and remanded the case to the trial court, allowing the prosecution the option to retry the gang allegations, and directing the trial court to resentence Rivera.  We affirmed the judgment in all other respects.

On remand, the prosecution elected not to retry the gang allegations.  In its resentencing brief, the prosecution asked the court to impose the original sentence minus the gang enhancements the prosecution elected not to retry.  Rivera argued that, as a result of amendments to sections 1385 and 1170, subdivision (b)(2), the trial court should impose a lower sentence than the prosecution's proposal, including by staying one of the firearm enhancements, and by imposing no more than the middle term on count three.

At resentencing, the trial court again sentenced Rivera to two consecutive LWOP sentences on the murders.  The court re-imposed one of the firearm enhancements and ordered the other one stayed.  The court sentenced Rivera to a two-year middle term on count 3, and it re-imposed the eight-month consecutive term on count 4.  Rivera timely appealed.

On May 14, 2025, Rivera's counsel filed a brief raising no issues on appeal and asking us to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

---

[3]      Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 699) amended section 186.22 in various ways, including by narrowing the definitions of "criminal street gang," "pattern of criminal activity," and "what it means for an offense to have commonly benefitted a street gang."  (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

Rivera did not respond to our letter advising him of his right to file supplemental briefing.  We have examined the entire record, and are satisfied no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *Wende*, at p. 443.)

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTERS**


                                        TAMZARIAN, J.

We concur:


MORI, Acting P. J.


VAN ROOYEN, J.*

---

\*      Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.